UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

TIFFANY CRAFT,

    Plaintiff,
v.

AETNA LIFE INSURANCE COMPANY
    Defendant.
_____)

**COMPLAINT**

The Plaintiff, TIFFANY CRAFT ("CRAFT"), by and through her undersigned counsel, hereby sues AETNA LIFE INSURANCE COMPANY ("AETNA"), and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132(f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. CRAFT brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. CRAFT was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. AETNA is a corporation with its principal place of business in the State of Connecticut, authorized to transact and is transacting business in the Southern District of Florida and can be found in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, AETNA, administers disability claims from its offices in Broward County, Florida, and is authorized to and is doing business within the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to CRAFT by AETNA.

6. CRAFT was at all times material an employee of CCA of Tennessee. ("CCA").

7. CRAFT was at all times material a plan participant under CCA Group Long-term Disability Benefit Plan (the "LTD Plan"), group policy number GP-737345-LA, which was established by CCA, and pursuant to which CRAFT is entitled to benefits. A copy of the CCA Benefit Booklet containing the summary plan description for the LTD Plan has been attached as Exhibit "A".

8. The LTD Plan is an employee welfare benefits plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. The LTD Plan is underwritten and provided by Aetna.

10. As the decision maker and payor of plan benefits, AETNA administered the claim under a conflict of interest and the bias this created affected the claims determination.  As such, Defendant is not entitled to a deferential standard of review.

11. At no time material hereto has the LTD Plan or Summary Plan Description contained a valid and enforceable clause granting discretion to AETNA.

12. AETNA is the Fiduciary charged with making the benefit determinations under the LTD Plan, including the determinations made on CRAFT'S claim at issue.

13. Pursuant to the terms and conditions of the LTD Plan, CRAFT is entitled to LTD benefits

for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

14. Under the LTD Plan the "Test for Disability" is described as:

> **Test of Disability** (GR-9N 06-010 03-L4)
> From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:
> - You cannot perform the **material duties** of your **own occupation** solely because of an **illness, injury** or disabling pregnancy-related condition; and
> - Your earnings are 60% or less of your **adjusted predisability earnings**.
>
> **After the first 24 months of your disability** that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any **reasonable occupation** solely because of an **illness, injury** or disabling pregnancy-related condition.

15. At all relevant times CRAFT has complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

16. Since on or about May 2, 2015, CRAFT has been disabled under the terms of the LTD Plan.

17. At all relevant times CRAFT has been under the regular care of a doctor.

18. At all relevant times, CRAFT was a Covered Person under the LTD Plan.

19. Shortly after becoming disabled under the terms of the LTD Plan, CRAFT made a claim to AETNA for LTD benefits.

20. AETNA informed CRAFT that she was eligible to receive monthly disability benefits.

21. On or about January 7, 2019, CRAFT was informed by AETNA that it determined she was no longer eligible to receive long-term disability benefits and immediately ceased payment of her disability benefits.

22. CRAFT timely appealed AETNA's adverse determination.

23. By letter dated October 7, 2019, AETNA informed CRAFT that it was upholding its decision to terminate her claim for LTD benefits.

24. Since January 7, 2019 to the present date, CRAFT has not received benefits owed to her under the LTD Plan, despite CRAFT'S right to these benefits.

25. At all relevant times, AETNA was the payor of benefits.

26. At all relevant times, AETNA was the claims Administrator.

27. At all relevant times, CRAFT has been and remains Disabled and entitled to LTD benefits from AETNA under the terms of the LTD Plan.

28. CRAFT has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney fee.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

29. CRAFT incorporates Paragraphs 1 through 28 as if fully set forth herein.

30. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

31. Pursuant to 29 U.S.C. §1132(a)(1)(B), CRAFT, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

32. CRAFT has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of AETNA's failure to pay her disability benefits.

33. CRAFT has exhausted all administrative remedies under the LTD Plan.

34. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to CRAFT at a time when AETNA knew, or should have known, that CRAFT was entitled to those benefits under the terms of the LTD Plan, as CRAFT was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of CRAFT'S claim for LTD benefits;

(c) AETNA failed to properly and adequately investigate the merits of CRAFT'S disability claim and failed to provide a full and fair review of CRAFT'S Appeal.

35. Following the termination of benefits under the LTD Plan, CRAFT exhausted all administrative remedies required under ERISA, and CRAFT has performed all duties and obligations on her part to be performed under the LTD Plan.

36. As a proximate result of the aforementioned wrongful conduct, CRAFT has damages for loss of disability benefits in a total sum to be shown at the time of trial.

37. As a further direct and proximate result of this improper determination regarding CRAFT'S claim for benefits, CRAFT, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), CRAFT is entitled to have such fees and costs paid by AETNA.

38. AETNA's wrongful conduct has created uncertainty where none should exist; therefore, CRAFT is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, TIFFANY CRAFT prays for relief against AETNA LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability,

and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020
Phone: (954) 620-8300
Fax: (954) 922-6864

   */s/ Cesar Gavidia*
CESAR GAVIDIA, ESQ.
Florida Bar No.: 015263
Email: cesar@diattorney.com